IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

───────────────

No. 96-50524
Summary Calendar

───────────────


FREDERICK C. FERMIN,

                                        Plaintiff-Appellant,

        versus


METROPOLITAN LIFE INSURANCE COMPANY;
AIR FORCE ASSOCIATION,

                                        Defendants-Appellees.


───────────────


Appeal from the United States District Court for the
Western District of Texas
(SA-94-CV-906)

───────────────


January 7, 1997
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

        Plaintiff-appellant Frederick C. Fermin (Fermin) brought this
suit against appellees based on their alleged wrongful refusal to
pay him benefits under a group hospital indemnity policy for seven
different occasions on which he was hospitalized, as follows:

───────────────

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1. April 3, 1991-April 24, 1991

2. May 11, 1993-June 2, 1993

3. June 10, 1993-July 14, 1993

4. September 12, 1994-October 13, 1994

5. March 20, 1993-March 23, 1993

6. August 16, 1993-September 20, 1993

7. March 30, 1994-May 4, 1994.

Appellees defended on the ground that Fermin's certificate of insurance provided that it does "not pay Hospital Expense Benefits in connection with:  . . . (4) confinement in a place primarily in the care of drug addicts or alcoholics."  This provision was relied on in denying coverage.  As to the April 1991 hospitalization, appellees additionally defended on the ground that it occurred before Fermin first became covered under the policy (or plan) on December 31, 1991.  Fermin admitted below in response to Requests for Admission that each of the hospitalizations at issue "was a confinement in a place primarily in the care of drug addicts or alcoholics."  He argued, however, among other things, that appellees could not rely on the certificate as it was not a part of the policy, relying on Va. Ins. Code § 38.2-3331, and that in any event such an exclusion was invalid under Va. Ins. Code § 38.2-3413.

The district court on August 21, 1995, rendered summary judgment for appellees.  As to the April 1991 hospitalization, it merely ruled that Fermin did not become covered until December 31,

1991, and did not address the other contentions. As to the other six hospitalization claims, the district court ruled that the noted exclusion in the certificate validly applied and that section 38.2-3413 (and the analogous provisions of Va. Ins. Code § 38.2-3412.1) did not apply because they were limited to policies "providing coverage on an expense incurred basis" or which were a "group subscription contract which provides coverage of a family member of the insured," neither of which was the case as to the policy or plan at issue.

Fermin appealed. In an opinion issued February 13, 1996, we specifically affirmed the dismissal of all claims related to all the hospitalizations other than that of April 1991. We rejected Fermin's contentions based on section 38.2-3331. We held that even if section 38.2-3413 was in force at any relevant time, it would not apply because the policy was not one providing coverage on an expense paid basis or a group subscription contract providing coverage of a family member of the insured. "Thus, § 38.2-3413 would not apply to Fermin's policy." *Fermin v. Metropolitan Life Insurance Company*, No. 95-50621 (5th Cir. February 13, 1996) (unpublished). We held that there was a fact issue as to whether Fermin first became covered under the policy in June 1990 or December 1991, and so vacated the district court's judgment as to the April 1991 hospitalization and remanded as to that claim only.

On remand, the district court again granted appellees' motion

3

for summary judgment, ultimately on the basis, as to the April 1991 hospitalization, that even if Fermin was then covered by the policy (and the district court remained of the view that he did not become covered until December 1991), the referenced exclusion in the certificate was applicable and the policy was not of the type covered by section 38.2-3413 or section 38.2-3412.1.

Fermin again appeals. We affirm. All of Fermin's claims except as to the April 1991 hospitalization are foreclosed by our prior opinion, which is the law of the case, no justifiable basis for departing from which has been shown. As to the April 1991 hospitalization, for the reasons stated by the district court following remand, even assuming that Fermin was then covered, the quoted provision of the certificate excluded coverage for this hospitalization (just as it did for the others) and the policy was not one of those to which either section 38.2-3413 or section 38.2-3412.1 applied. This is likewise consistent with our February 13, 1996, opinion, which also explains why Fermin is not aided by section 38.2-3331. For the reasons explained by the district court and by this Court, none of Fermin's other contentions has any merit.

The district court's judgment is

AFFIRMED.

4